———O———

## No. 7014.

## CAPT. B. C. REA v. DR. ARTHUR CAIRE.

### Syllabus.

1. The transferee of a note cannot stand by and see the drawer make partial payments to a former owner whom he still believes to be the holder thereof, and afterwards repudiate such payments and claim the amount of the note from the maker.

2. When the transferee of a note keeps himself in the background so as to remain unknown to the maker of the note, and receives partial payments made to the former owner, the fact of the matter is that he wishes the maker to continue in the belief that such former owner is still the holder of the note; and this constitutes such former owner his agent for the purpose of collecting upon the note until he gives the maker notice to the contrary.

331

Appeal from the Civil District Court, Parish of Orleans, No. 109,188, Division "E"; Honorable George H. Theard, Judge. Affirmed.

McCloskey & Benedict, for plaintiff and appellant.

Charles G. Gill, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

In all essential features this case differs little, if any, from *Rea v. Riggs* and *Wolf v. Thomas, Nos.* 6459 and 6511 of our Docket, decided Dec. 20, 1915, and those essential features may be stated as follows:

The Metropolitan Building Company acquired defendant's negotiable promissory note and simultaneously entered into a collateral private agreement with defendant that he might pay the same by monthly installments covering a period of years.

Pursuant to this agreement defendant did pay the Building Company certain fixed monthly installments covering some eight or ten years, and sufficient in amount to extinguish the note in full.

Meanwhile the Building Company had sold the note before maturity to plaintiff who, if he did not then know of the collateral agreement aforesaid, at any rate soon learned of it.

So that during the five or six years that he held the note he presented it annually to the Building Company, and received from the latter the interest in full and something on account of the principal .

During all of this time the defendant had no knowledge whatever that his note had been negotiated, and made his

332

payments regularly, under the belief that he was paying the real holder thereof.

The upshot of all of which was that, owing to an embezzlement, the Building Company became insolvent after it had collected the last year's installments from defendant but before it had paid them over to plaintiff. And the question is, who is to bear the loss, plaintiff who holds the note, or defendant who made the payments?

We have no hesitation in saying that we think plaintiff should bear the loss.

Defendant had valid agreement with the Building Company to pay all installments, and he had a right to assume that the Company would either hold his note or dispose of it subject to that agreement.

So far, therefore, as he was concerned he was not constituting an agent, but making payments to a principal, when he paid the Building Company.

True, plaintiff was not bound by defendant's agreement with the Building Company; but the fact yet remains that he expressly or tacitly accepted said agreement and made it his own as soon as he began to accept the money from the Building Company, to whom alone he applied for such payments.

For he then became aware that defendant was making such payments, and was put upon inquiry to find out for himself under what circumstances such payments were made before accepting them. If he chose to jump to the conclusion, without investigation, that the Building Company was defendant's agent, he has only himself to blame; for we find nothing in defendant's conduct which tended to mislead him.

On the other hand, his own course of conduct tended altogether to mislead defendant, who from year to year was lulled into the belief that payments were being made to the proper party.

As we said in the two cases first mentioned by us, "The transferee of a note cannot stand by and see the drawer make partial payments to a former owner whom he still believes to be the holder thereof, and afterwards repudiate said payments and claim the amount of the note from the maker."

The fact of the matter is that when the transferee of a note keeps himself in the background, so as to remain unknown to the maker of the note, and receives partial payments made to the former owner, the truth is that he wishes the maker to continue in the belief that such former owner is still the holder of the note; and this constitutes such former owner his agent for the purpose of collecting upon the note until he gives the maker notice to the contrary.

We think the judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, May 14th, 1917.

Rehearing refused, June 11th, 1917.

Writ denied November 2nd, 1917.

GODCHAUX, J.: Inasmuch as the Supreme Court has refused writs of review in the cases cited, I take it as established that these cases announce the correct doctrine. I therefore concur.